[Nos. 33863-3-I; 34660-1-I.   Division One.   April 7, 1997.]

MARY JAMERSON, ET AL., *Appellants*, v. GERALDINE VANDIVER, ET AL., *Respondents*.

*Gordon A. Woodley* and *Woodley Law Offices*, for appellants.

*Douglas L. Federspiel* and *Velikanje, Moore & Shore, Inc., P.S.; Harold B. Field, Ronald L. Unger,* and *Murray, Dunham & Murray; Blaine T. Connaughton* and *Thorner, Kennedy & Gano, P.S.; Elizabeth A. Leedom* and *Bennett & Bigelow, P.S.*; and *Mary H. Spillane* and *Williams, Kastner & Gibbs, L.L.P.*, for respondents.

AGID, J. — Mary and Frank Jamerson appeal the judgment entered against them in this personal injury action for psychological injuries Mary allegedly sustained as a result of childhood emotional and sexual abuse by family members. They also appeal the trial court's orders impos-

ing costs and sanctions against their attorney under CR 11 and CR 26(g). We affirm.

## FACTS

In April 1991, the Jamersons filed this action against Mary's adoptive parents, Geraldine and John Vandiver (the Vandivers), Dean Vandiver, her adoptive brother, and Mulloy Hansen, M.D., a family practice physician who treated Mary between September 1987 and January 1989. The Jamersons alleged that Dean had emotionally and sexually abused Mary from 1968, when she was 10, to 1973. They also alleged that the Vandivers emotionally abused her and negligently failed to protect her from Dean's abuse during the same period. Finally, the Jamersons contended that Dr. Hansen negligently counseled Mary regarding her memories of childhood abuse and, later, negligently and abruptly terminated treatment. According to the complaint, Mary began to recall the abuse after she was diagnosed with multiple personality disorder in 1990. The Jamersons contend that the abuse caused Mary's alternate personalities to split off.

In September 1993, the trial court entered a directed verdict for the Vandivers on Mary's claim for negligent supervision but permitted the claims against them for willful or wanton misconduct to go to the jury. At the conclusion of trial, the jury returned a unanimous verdict in favor of Dr. Hansen, the Vandivers and Dean. The trial court then granted motions for sanctions under CR 26(g) and CR 11 against the Jamersons' attorney for discovery violations and for failing adequately to investigate the factual basis for his client's emotional abuse claim against Geraldine Vandiver. After the Jamersons appealed, the trial court also issued an order directing them to reimburse Dr. Hansen for the cost of transcribing his testimony for purposes of the appeal pursuant to RAP 9.2(c).

## DISCUSSION

### Parental Negligence Claim

The Jamersons first contend that the trial court erred when it applied the parental immunity doctrine to enter a directed verdict in favor of the Vandivers on Mary's claim for negligent supervision. Because the Jamersons' claims against the Vandivers were time-barred, we do not reach the question whether the parental immunity doctrine also provided a basis for dismissal of their negligence claim.

RCW 4.16.340 permits a plaintiff to bring personal injury claims based on intentional conduct suffered as a result of childhood sexual abuse within three years of the date on which the act that caused the injury is discovered. RCW 4.16.340(5) explains that

> "childhood sexual abuse" means any act committed by the defendant against a complainant who was less than eighteen years of age at the time of the act *and* which act would have been a violation of chapter 9A.44 RCW or RCW 9.68A.040 or prior laws of similar effect at the time the act was committed.

(Italics ours.) RCW 9A.44 defines sexual offenses for purposes of the criminal code; RCW 9.68A.040 defines sexual exploitation of a minor. Thus, RCW 4.16.340(5) tolls the statute of limitations only for claims against the abuser. Because the Jamersons' claims for negligent supervision were based not on allegations that they themselves sexually abused Mary but on their alleged failure to protect Mary from Dean's abuse, those claims were properly dismissed as time-barred.

The remainder of this opinion has no precedential value. Therefore, it will not be published but has been filed for public record. *See* RCW 2.06.040; CAR 14.

COLEMAN and ELLINGTON, JJ., concur.

Review denied at 133 Wn.2d 1005 1997.